UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-161-KKC

JEFFERY ALLEN PATTERSON                                                                          PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

RANDY STOVALL, WARDEN                                                                          DEFENDANT

The plaintiff, Jeffery Allen Patterson, who is currently confined in the Branchville Correctional Facility ("BCF"), P.O. Box 500, Tell City, Indiana, 47586-0500, has submitted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C. §1983 [Record No. 1].[1]  The plaintiff also filed an "Affidavit of Assets for Application to proceed Without Prepayment of Fees" [Record No. 3].  The motion to proceed *in forma pauperis* will be addressed by separate order.

This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or

---

[1] The United States District Court for the Southern District of Indiana transferred this action to this Court on May 17, 2005 [Record No. 1].

(ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff alleges that on December 1, 2003, while he was confined at the Otter Creek Correctional Complex ("OCCC") in Wheelwright, Kentucky, Officer Green and Sergeant D. Little of the OCCC confiscated various items of personal property which had been mailed to him as Christmas presents. To the extent that the plaintiff alleges that he was deprived of personal property by persons acting under color of state law, the Court construes his claim as falling under the due process clause of the Fourteenth Amendment of the United States Constitution.

The plaintiff states that the confiscated items consisted of boxers, briefs, t-shirts, several pairs of socks, ink pens and refill cartridges, bath towels and face towels. The plaintiff estimates the value of the items to be between $90.00 and $100.00. The plaintiff attached to his Complaint a copy of the "Notice of Loss of Property -Tort Claim" Form which he submitted to the officials at BCF, the correctional institution in which he is currently confined. The form appears to be an official form of the State of Indiana. The plaintiff stated in the claim form, completed on October 25, 2004, that he had previously filed a property claim form at the OCCC in an attempt to resolve the matter. Plaintiff states that prior to his transfer to the BCF on May 5, 2004, Mr. Devers, the Chief of Security of the OCCC, informed him that his personal items had in fact been lost and that the OCCC would be required to reimburse the plaintiff for his lost property.

The plaintiff alleges that Devers told him that he (Devers) would be out of town for a week but that after his return, he would settle the matter of the plaintiff's lost property. According to the plaintiff, because he was transferred to the BCF one week before Devers was to have returned to the OCCC, the property claim was never settled or resolved to his satisfaction. The plaintiff states that on December 15, 2004, the OCCC property officer mailed a package to him which consisted of state-issued clothing. Although the plaintiff construed the delivery to be an effort to reimburse him for his clothing, he states that he never discussed this alternative with anyone and did not consider the state-issued clothing to constitute an acceptable compromise

for his lost clothing.

## NAMED DEFENDANT

The plaintiff has named Randy Stovall, Warden of the OCCC, as the sole defendant to this action.

## RELIEF REQUESTED

Plaintiff seeks damages in the amount of $200.00 from the defendant, and any other relief which the Court deems to be appropriate.

## DISCUSSION
### Fourteenth Amendment Property Claim

At the present time, the plaintiff has failed to state a claim for lost property and a denial of due process under the Fourteenth Amendment. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33, 104 S.Ct. 3194, 82 L. Ed.2d 393 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995).

The plaintiff has alleged that he administratively exhausted his claim, but he has not alleged that the post-deprivation remedies available through the state courts of Kentucky are inadequate. *See Hudson*, 468 U.S. at 531-33; *Copeland*, 57 F.3d at 479; *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir.1993); *McNeair v. Snyder*, 7 Fed. Appx. 317, 319, 2001 WL 133132 (6th Cir. Feb. 5, 2001) (unpublished order). Because Kentucky state law provides the plaintiff with adequate post-deprivation remedies for the loss of his property, the unauthorized negligent or intentional deprivation of the plaintiff's personal property does not rise to the level of a violation of due process. *See Zinermon v. Burch*, 494 U.S. 113, 136-39, 110 S.Ct. 975, (1990); *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, (1986); *Copeland v. Machulis*, 57 F.3d at 479; *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (Not selected for publication in the Federal Reporter), 2004 WL 232148 (6th Cir.(Ky.) Feb 03, 2004). Accordingly, the complaint is dismissed without prejudice to the plaintiff

exhausting his claims within state courts of Kentucky .

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendant.

This the 25th day of July, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**